TAMIKO A. DUNHAM (SBN: 233455)
tdunham@nicolaidesllp.com
SHANNON L. WODNIK (SBN: 205714)
swodnik@nicolaidesllp.com
TIANYU (RAIN) XIE (SBN: 345025)
txie@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone:   (415) 745-3770
Facsimile:    (415) 745-3771

Attorneys for Defendant
GREAT LAKES INSURANCE SE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| COACH-AIR LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>DAVIES US, LLC., a Delaware Limited Liability Company; PREMIER CLAIMS MANAGEMENT, LLC., a California Limited Liability Company; UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania Corporation, INNOVATIVE RISK INSURANCE SERVICES, LLC., a Kentucky Limited Liability Company; GLOBAL INDEMNITY GROUP, LLC., a Delaware Limited Liability Company, BROWN AND RIDING INSURANCE SERVICES, INC., a Delaware Corporation, | Case No.<br><br>San Bernardino Superior Court Case No. CIVSB2519329<br><br>**GREAT LAKES INSURANCE SE'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT (28 U.S.C. §§ 1441 & 1446)**<br><br><u>Accompanying Documents</u>:<br>Civil Cover Sheet; Declaration of Shannon L. Wodnik; Declaration of Marilyn L. Bonetati; Request for Judicial Notice; Notice of Interested Parties<br><br>State Court Complaint Filed: July 3, 2025<br>State Court Complaint Served on |

| | |
|---|---|
| SOUTHWESTERN INSURANCE SERVICES, INC., a Florida Corporation; SOUTHWIND RISK RETENTION GROUP, INC., a South Carolina Corporation; MHC MANAGING GENERAL AGENCY, LLC., a South Carolina Limited Liability Company; GREAT LAKES INSURANCE SE, and DOES 2 through 20, inclusive,<br><br>      Defendants. | Great Lakes Insurance SE: October 7, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

  Defendant Great Lakes Insurance SE ("Great Lakes"), through its attorneys of record, hereby provides notice of removal of this case from the Superior Court of the State of California, in and for the County of San Bernadino, to this Court. This removal is based on 28 U.S.C. §§ 1332, 1441, and 1446, and on the following grounds:

### JURISDICTION

  1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441(a) because it is an action between diverse parties, the properly joined defendants are not citizens of the state in which the action is pending, and the amount in controversy exceeds $75,000.

  2. District courts have original jurisdiction of the civil action where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

### VENUE AND INTRADISTRICT ASSIGNMENT

  3. The Action was filed in the Superior Court of the State of California, County of San Bernadino. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391, 1441(a), and 1446.

**PLEADINGS, PROCESS, AND ORDERS**

4. On July 3, 2025, Plaintiff Coach-Air LLC (the "Plaintiff" or "Coach-Air") filed a civil action in the Superior Court of the State of California for the County of San Bernadino entitled, *Coach-Air, LLC v. Davies US, LLC, a Delaware Limited Liability Company; Premier Claims Management, LLC, a California Limited Liability Company; United National Insurance Company, a Pennsylvania Corporation; Innovative Risk Insurance Services, LLC, a Kentucky Limited Liability Company; Global Indemnity Group, LLC, a Delaware Limited Liability Company; Brown and Riding Insurance Services, Inc., a Delaware Corporation; Southwestern Insurance Services Inc., a Florida Corporation; Southwind Risk Retention Group, Inc., a South Carolina Corporation; MHC Managing General Agency, LLC, a South Carolina Limited Liability Company; and Does 1 through 20, inclusive*, Case No. CIVSB2519329 (the "Lawsuit").

5. True and correct copies of the following documents filed in and issued by the State Court in the Lawsuit are attached hereto as Exhibits 1 through 31 and authenticated in the accompanying Declaration of Shannon L. Wodnik ("Wodnik Decl.") at ¶ 2.

| Exhibit | Description |
|---|---|
| 1. | Complaint filed July 3, 2025 in *Coach-Air, LLC v. Davies US, LLC et. al.*, Case No. CIVSB2519329 |
| 2. | Civil Case Cover Sheet |
| 3. | Certificate of Assignment |
| 4. | Notice of Trial Setting Conference and Assignment, issued July 16, 2025 |
| 5. | Summons filed July 16, 2025 |
| 6. | Proof of Service of Summons and Comp/Pet filed by Coach-Air LLC |

| | | |
|---|---|---|
| 1 | 7. | Proof of Service of Summons and Comp/Pet filed by Coach-Air LLC |
| 2 | 8. | Proof of Service of Summons and Comp/Pet filed by Coach-Air LLC |
| 3 | 9. | Proof of Service of Summons and Comp/Pet filed by Coach-Air LLC |
| 4 | 10. | Proof of Service of Summons and Comp/Pet filed by Coach-Air LLC |
| | 11. | Notice of Trial Setting Conference issued August 12, 2025 |
| | 12. | Proof of Service of Summons and Comp/Pet filed by Coach-Air LLC |
| | 13. | Proof of Service of Summons and Comp/Pet filed by Coach-Air LLC |
| | 14. | Proof of Service of Summons and Comp/Pet filed by Coach-Air LLC |
| | 15. | Brown & Riding Insurance Services' Demand for Jury Trial |
| | 16. | United National's Cross-Complaint |
| | 17. | Answer to Complaint by United National Insurance company and global indemnity group, LLC |
| | 18. | Defendants Davies US, LLC's and Premier Claims Management, LLC's Answer to Complaint; Demand for Jury Trial |
| | 19. | Brown & Riding Insurance Services' Answer to Complaint |
| | 20. | Summons Issued on United National's Cross-Complaint |
| | 21. | MHC Managing General Agency, LLC and Southwind Risk Retention Group., Inc.'s Answer to Complaint |
| | 22. | Proof of Substituted Service of Summons and Complaint Filed by Coach-Air LLC |
| | 23. | Doe Amendment to Complaint filed September 9, 2025, inserting Great Lakes Insurance SE in place of Doe 1 |
| | 24. | Demurrer - Amended Notice of Motion |

| 25. | Proof of Service of Summons and Comp/Pet Filed by United National Insurance Company |
|---|---|
| 26. | Proof of Substituted Service of Summons and Complaint filed by United National Insurance Company |
| 27. | Compendium Of Evidence in Support of Defendant Southwestern Insurance Services, Inc.'s Demurrer to Plaintiff's Complaint |
| 28. | Defendant Southwestern Insurance Services, Inc.'s Notice of Demurrer and Demurrer To Plaintiff's Complaint |
| 29. | Memorandum Of Points and Authorities in Support of Defendant Southwestern Insurance Services, Inc.'s Demurrer to Plaintiff S Complaint |
| 30. | Proof of Service re Demurrer to complaint filed by defendant Southwestern Insurance Services Inc |
| 31. | Declaration Of Madison S. Stern, Esq. In Support of Defendant Southwestern Insurance Services, Inc.'s Demurrer to Plaintiff S Complaint |

6.    The Lawsuit arises out of an insurance coverage dispute.  The Plaintiff Coach-Air, a commercial trucking company, alleges that it entered into a written insurance agreement with Defendant Southwestern Insurance Services, Inc. ("Southwestern"), whereby Southwestern agreed to provide insurance coverage for Coach-Air's commercial trucks for the period January 26, 2024 through January 26, 2025, including coverage for physical damage to the insured property in the amount of $75,000, in exchange for payment of a premium (hereinafter the "Policy").  (Ex. 1, Complaint at ¶¶ 18-20). Coach-Air alleges that the document attached as Exhibit A to the Complaint is a true and correct copy of the Policy. (*Id.* at ¶ 19.)

7.    Coach-Air alleges that the "underwriting entities" for the Policy are Defendants Southwind Risk Retention Group, Inc. ("Southwind") and United National Insurance Company ("United"). (*Id.* at ¶ 21.)

8. Coach-Air alleges that on or about December 19, 2024, it submitted a formal claim to Southwestern for damage to one of its vehicles for which Southwestern owed coverage under the Policy, but that the claim has still not been paid. (*Id.* at ¶¶ 24-26, 38, and 40.) Based on these allegations, Coach-Air asserts a cause of action against all of the defendants for breach of contract.

9. Coach-Air also asserts a cause of action against all defendants for insurance bad faith. (*Id.* at ¶¶ 44-56.) Coach-Air alleges Southwestern failed to acknowledge its claim and unreasonably and negligently delayed its investigation of the claim causing Coach-Air substantial financial and emotional hardship, including loss of income due to inability to operate the insured vehicle. (*Id.* at ¶¶ 27-29.)

10. Coach-Air alleges that on or about January 14, 2025, it received correspondence from Defendant Innovative Risk Insurance Services, LLC ("IRIS") purporting to deny coverage for the claim, but when it contacted Southwestern for clarification, the representative informed hm that IRIS had engaged in fraudulent conduct in connection with other claims. (*Id.* at ¶¶ 30-31.) Coach-Air alleges that in response to its request for a copy of the Policy, the Southwestern representative provided a version that materially differed from the original Policy, including altered coverage limits, policy term dates, and premium amounts. (*Id.* at ¶ 32.)

11. Coach-Air alleges that on or about January 16, 2025, it was contacted by "non-party Great Lakes SE" ("Great Lakes"), which assigned a claim representative from Defendant Davies US, LLC ("Davies") to investigate the claim. (*Id.* at ¶ 33.) Coach-Air alleges that Davies issued a claim number, requested supporting documentation that Coach-Air provided, advised Coach-Air that it had coverage for the loss, and emailed Coach-Air several documents including a Statement of Loss, requesting that Coach-Air sign and return to reflect "settlement" of the matter, but that the documents indicated a policy limit that was

only about 50% of the amount Coach-Air had purchased. (*Id.* at ¶¶ 34, 38, and 39.)

12. By its Complaint, Coach-Air seeks total damages of more than $5,000,000. (Ex. 1, Prayer for Relief, item 7.) Of this total, Coach-Air seeks payment under the Policy in an amount not less than $75,000, punitive damages exceeding $2,500,000, and consequential damages exceeding $2,500,000. (*Id.* at items 1, 3, and 5.)

13. On September 9, 2025, Plaintiff filed a Doe Amendment naming the removing party, Defendant Great Lakes Insurance SE ("Great Lakes"), in place of Doe 1. (Ex. 22.)

14. The Complaint is devoid of any factual allegations regarding four of the ten named defendants: Premier Claims Management, LLC ("Premier"); Global Indemnity Group, LLC ("Global"); Brown and Riding Insurance Services, Inc. ("B & R"); and MHC Managing General Agency, LLC ("MHC"). Coach-Air's claims against these four defendants appear to rest solely on a theory of alter-ego liability. As to each of them, Coach-Air makes a bald allegation that the defendant is an alter ego of the other Defendants. (*Id.* at ¶¶ 5, 8, 12, and 15.)

15. Defendant IRIS has not appeared in the Lawsuit and appears to not have been properly served. The Proof of Service filed by Plaintiffs for IRIS indicates that service was made personally on a property manager at a property in Kentucky. (Ex. 14.) However, service on a foreign LLC must be made upon the agent, designated for service of process within the state of California or in some circumstance upon the California Secretary of State. Cal. Corp. Code §§ 17701.16 (b),(c) and 17708.07(d).

## NOTICE OF REMOVAL IS TIMELY

16. On September 18, 2025, Plaintiff's counsel provided a copy of the Doe Amendment, Summons, Complaint, and related initiating documents to counsel for Great Lakes with a Notice of Acknowledgement of Receipt. Counsel

for Great Lakes signed the Notice of Acknowledgement of Receipt on October 7, 2025, and returned it to counsel for Plaintiff. (Wodnik Decl., at ¶ 3 and Ex. 32.) Thus, Service of Process on Great Lakes is deemed complete on October 7, 2025.

17. Because Great Lakes seeks removal within 30 days after receipt of the Summons, Complaint and the Doe Amendment adding it as a party to the Lawsuit, this notice of removal is timely. *See*, 28 U.S.C. § 1446(b)(2)(B); Fed. R. Civ. P. 6 (a).

## COMPLETE DIVERSITY EXISTS BETWEEN THE PLAINTIFF AND PROPERLY JOINED DEFENDANTS

**A.     Diversity Exists between the Plaintiff and Properly Joined Defendants**

18. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

19. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006).

20. "[A]n individual's citizenship is determined by where he or she is domiciled, and an individual's domicile is the location in which 'she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'" *Aminiasl v. Volkswagen Grp. of Am.*, Inc., 2023 WL 3005003, at *2 (C.D. Cal. Apr. 19, 2023); *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986).

21. Plaintiff Coach-Air, LLC ("Coach-Air") alleges that at all relevant times, it is a California limited liability company. (Ex. 1, ¶ 3). Public records available from the California Secretary of State indicate that prior to commencement of the Lawsuit and continuing through the time of the removal, the members/managers of Coach-Air are Justin Weatherford, Bryce Kharie Sutherland, and Issac Kerdell Flowers. (RJN., ¶ 1, Ex. A). Public records also

1  indicate Mr. Weatherford, Mr. Sutherland and Mr. Flowers are domiciled in
2  California. (Wodnik Decl. ¶ 4). Coach-Air is thus a citizen of California.

3        22.    Prior to the commencement of the Lawsuit, and continuing through
4  the time of the removal, defendant Davies US, LLC is a Delaware limited liability
5  company, of which Paula Kenneson and Daniel Saulter are the members and/or
6  managers (RJN., ¶ 2, Ex. B). Public records indicate that Paula Kenneson is
7  domiciled in Vermont, and Daniel Saulter domiciled in the United Kingdom.
8  (Wodnik Decl. ¶¶ 5-7, and Exhibits 33-34). Thus, Davies US, LLC, is a citizen of
9  Vermont and the United Kingdom, and diverse from Plaintiff.

10       23.    Coach-Air alleges that at all relevant times, defendant Premier
11 Claims Management, LLC ("Premier"), is a California limited liability company,
12 with its principal place of business located in Santa Ana, California. (Ex. 1, ¶ 5).
13 However, the citizenship of an LLC is determined by the citizenship of its
14 members. See *Johnson*, supra, at 899. Premier's sole member is Davies Claims
15 North America, Inc., a Florida corporation with its principal place of business in
16 Lakewood Ranch, Florida. (Declaration of Marilyn L. Bonetati ("Bonetati Decl."),
17 ¶ 3). Therefore, Premier is a citizen of Florida, and diverse from Plaintiff. In
18 addition, Premier's citizenship should be disregarded for purposes of removal
19 because it is not a properly joined party, as discussed infra. *See*, *Ritchey v. Upjohn*
20 *Drug Co.*, 139 F.3d 1313, 1318-1320 (9th Cir. 1998).

21       24.    Coach-Air alleges that defendant United National Insurance
22 Company ("United") is a corporation incorporated in the state of Pennsylvania,
23 with its principal place of business in Bala Cynwyd, Pennsylvania. (Ex. 1 at ¶ 6.)
24 Public records support that this has been true since prior to the commencement of
25 the Lawsuit. (RJN., ¶ 3, Ex. C; Wodnik Decl. ¶ 8). Thus, United is diverse from
26 Plaintiff.

27       25.    Coach-Air alleges that defendant Innovative Risk Services, LLC
28 ("IRIS"), is a Kentucky limited liability company with its principal place of

business in Kentucky. However, for the purpose of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of its members. See *Johnson*, supra, at 899.  Public records show that defendant Innovative Risk Insurance Services, LLC was a Kentucky limited liability company (at least until October 2, 2025[1]), with its member and/or owner identified as Jarrod B. Huff. (RJN., ¶4 and Exh D.) Public records indicate Mr. Huff is domiciled in Kentucky. (Wodnik Decl. ¶¶ 9-10, Ex. 34.) Therefore, IRIS is diverse from Plaintiff.

26. Coach-Air alleges that defendant Global Indemnity Group, LLC ("Global") is a Delaware limited liability company, with its principal place of business in Wilmington, Delaware. (Ex. 1, at ¶ 8).  However, the citizenship of an LLC is determined by the citizenship of its members. See *Johnson*, supra, at 899. Global is publicly traded (RJN, ¶5, Ex. E), and identifying each of its members/owners would be a daunting, if possible, task.  Regardless, as discussed infra, Global was not properly joined, and thus its citizenship is disregarded for purpose of removal. *See*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1320 (9th Cir. 1998).

27. Prior to the commencement of the Lawsuit, and continuing through the time of the removal, defendant Brown and Riding Insurance Services, Inc. is a Delaware corporation, with its principal place of business in Dallas, Texas. (RJN.,¶ 6 and Ex. F; and Wodnik Decl., ¶ 11.)  Thus, B & R is a citizen of Delaware and Texas and diverse from Plaintiff. In addition, B & R is not a properly joined party, as discussed infra, and its citizenship should be disregarded.

28. Prior to the commencement of the Lawsuit, and continuing through the time of the removal, defendant Southwestern Insurance Services, Inc. is a Florida corporation, with its principal place of business in Hialeah, Florida. (RJN.,

---

[1] Public records also show that the Kentucky Secretary of State administrative dissolved the limited liability company on October 2, 2025, due to its failure to timely file its 2025 annual report. It is unknown whether it will be reinstated.

¶ 7 and Ex. G; and Wodnik Decl., ¶ 12.) Thus, Southwestern is a citizen of Florida and diverse from Plaintiff.

29. Prior to the commencement of the Lawsuit, and continuing through the time of the removal, defendant Southwind Risk Retention Group, Inc. was a risk retention group domiciled in the state of North Carolina, with its principal place of business in Columbia, South Carolina. (RJN. ¶ 8 and Ex. H; Wodnik Decl., ¶ 13.)

30. Prior to the commencement of the Lawsuit, and continuing through the time of the removal, defendant MHC Managing General Agency, LLC is a South Carolina limited liability company, with one member, MHC Holding Company LLC. MHC Holding Company, LLC is also a limited liability company and has two members, Michael Hunter and Matthew Holycross. Both members are domiciled in South Carolina. (RJN., ¶ 9, Ex. I; Wodnik Decl., ¶¶ 14.) Thus, MHC is a citizen of South Carolina for the purpose of diversity. However, MHC's citizenship should be disregarded because MHC is not a properly joined party, as discussed infra.

31. Since prior to its joinder in the Lawsuit, and continuing through the time of the removal, defendant Great Lakes SE is an insurance company based in Munich, Germany, with its principal place of business in Munich, Germany. See Statement of Interested Parties filed concurrently herewith.

32. The remaining "DOE" defendants are fictitiously-named, therefore their citizenship need not be considered for purposes of removal. 28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, (9th Cir. 2002); *Mcavoy v. Lowe's Home Centers LLC*, 2:22-cv-02417-SVW-RAO, 2022 WL 2072672 at *5 (C.D. Cal., June 9, 2022).

33. Because Plaintiff is a citizen of California, and none of the properly joined Defendants are citizens of California, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

**B. Defendants Premier, Global, B & R, and MHC Are "Sham" Defendants Whose Presence Should Be Disregarded for Purposes of Diversity Jurisdiction**

34. Under California law, if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The fraudulent joinder of "sham" defendants is a valid basis on which to seek removal to federal court under 28 U.S.C. § 1332. *Morris v. Princess Cruises, Inc.*, 236 F. 3d 1061, 1067 (9th Cir. 2002). In such circumstances, the Court properly disregards the nondiverse defendant for purposes of evaluating diversity jurisdiction. *Ritchey*, *supra*, 139 F. 3d. at 1318-1319 (9th Cir. 1998).

35. As discussed supra, the Complaint is devoid of any factual allegations relating to Premier, Global, B & R and MHC. (Ex. 1.) Likewise, Coach-Air does not allege any relationship between it and these defendants. (*Id.*) Thus, there are no allegations to support a contractual relationship or a "special relationship" that could support a finding that any of these entities owed any duty to Coach-Air under contractual or tort theories of liability.[2] Coach-Air's claims against these four defendants appear to rest solely on theories of alter-ego or agency liability. As to each of them, Coach-Air makes a bald allegation that the defendant is agent or alter ego of the other Defendants. (*Id.* at ¶¶ 5, 8, 12, and 15.)

36. The Lawsuit asserts only insurance bad faith and breach of contract causes of action (Ex. 1, ¶¶ 44 - 60), and California law is clear that an insurance agent or adjuster cannot be sued for breach of the contract (the insurance policy) or breach of the covenant of good faith implied in that insurance contract because

---

[2] For example, California law considers negligent infliction of emotional distress as a subcategory of the tort of negligence. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992). Thus, the Plaintiff must plead a breach of a duty owed and assumed by a defendant arising out of a special relationship. *Christensen v. Sup.Ct. (Pasadena Crematorium)*, 54 Cal. 3d 868, 890 (1991) (negligent infliction of emotional distress claim may result when there has been a "breach of a duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a special relationship between the two.")

1 an agent or adjuster is not a party to the insurance contract. *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F. 3d 977, 981 (9th Cir. 1999) (citing *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 575-76 (Cal.1973); *Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 834 (C.D. Cal. 2023) ("adjusters not liable in tort to the insured for alleged negligent claims handling which causes only economic loss") (internal citation omitted); *Filippo Industries, Inc. v. Sun Ins. Co.*, 74 Cal.App.4th 1429, 1442 (1999) (only insurer as a party to the contact can be liable for the alleged breach of contract); *See*, *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1227 (E.D. Cal. 2005) (insurance agent that sold policy cannot be liable for breach of policy or bad faith); *Wallis v. Centennial Ins. Co., Inc.*, 927 F.Supp.2d 909, 915 (E.D. Cal. 2013) (non-party to insurance contract is not liable for a breach of that contract; bad faith action lies only against the insurer as the party to the contract which gives rise to the implied covenant).

37. California law is also clear that bald allegations of agency or alter ego liability are insufficient to state a claim under theories of vicarious liability. Under California law, a parent corporation may be held vicariously liable for the acts of its subsidiary only if that subsidiary is either the agent or alter ego of the parent. *Salkin v. United Servs. Auto Ass'n*, 767 F. Supp. 2d 1062, 1065 (C.D. Cal. 2011). To allege claims based on agency or alter ego liability, Plaintiff must plead specific facts, rather than mere conclusory allegations. See *Saaiman v.American General Life Ins. Co.,* 2019 WL 1864858, Case No. 18-cv-596-BTM-AGS (S.D. Cal., April 25, 2019) (bald allegations of agency or alter-ego liability of resident-defendant insufficient to overcome removal.)

38. Furthermore, evidence demonstrates that there is no factual basis, alleged or otherwise, to substantiate a cause of action against Premier. As set forth in the declaration by Premier's President Marilyn Bonetati, Premier is not an insurer and was not a party to any insurance contracts with Coach-Air. (Bonetati Decl., ¶¶ 4-5.) It is a professional claims service provider responsible for

administering insurance claims on behalf of insurers but has not administered any claims involving Coach-Air. (*Id,* ¶¶ 4 and 6.) Ms. Bonetati reviewed the Complaint and its Exhibit A, and declares that Premier was not retained to and did not administer or in any way participate in the administration of the subject claim. (*Id.*, ¶ 7.) Thus, there is no factual basis on which Coach-Air could state a cause of action against Premier.

39. Evidence also demonstrates that there is no factual basis, alleged or otherwise, to substantiate a cause of action against Global. On October 7, Global served its verified responses to written discovery issued by Coach-Air, wherein Global consistently and repeatedly denied that it entered into any agreement with Coach-Air or had any involvement with Coach-Air's claim. (Wodnik Decl., ¶ 15.) As an example, when asked to state all facts supporting its contention that any other Defendant, and not Global, was responsible for insuring, reinsuring, underwriting, adjusting, or denying Plaintiff's claim, Global responded, "Responding Party is not an insurer, does not issue policies or handle claims, and had no involvement in the issuance of insurance policies to Plaintiff or the handling of any claim thereunder. Responding Party has no information regarding other Defendants." (Wodnik Decl., ¶ 15 and Ex. 36, Response to SROG No. 36.)

40. Coach-Air's responses to Global's written discovery also demonstrate that Coach-Air is basing its causes of action against Global solely on a theory of alter-ego liability but has no factual basis on which to base such liability. For example, in response to requests for admissions that Coach-Air never entered into a contract with Global, that Global never issued an insurance policy to Coach-Air, that Global is not an alter-ego of any other defendant in the action, and that Global did not administer any insurance policy to Coach-Air, Coach-Air responded: "Responding Party admits to entering into a contract with Defendant Southwestern Insurance Services, Inc., which was underwritten by Defendants Southwind Risk Retention Group, Inc. and United National Insurance Company,

1 which Plaintiff is informed and believes is the subsidiary, shell company, parent company, or alter ego of Global. As such, Plaintiff, United National Insurance Company, and Global were all in privity of contract with one another as it pertains to the Policy." (Wodnik Decl., ¶ 16 and Ex. 37, Response to RFAs 1, 2, 5, and 11.) Coach-Air makes no factual allegations and provides no evidence in its responses to discovery that could support a claim under theories of vicarious liability. See *Saaiman, supra, at \*3-5* (Bald allegations of agency or alter-ego liability of resident-defendant insufficient to overcome removal.)

**AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

41. Plaintiff seeks to recover, among others, economic and emotional distress damages, including loss of earnings and other consequential damages in excess of $2,500,000, and total damages in an amount that exceeds $5,000,000. (Ex. 1, Prayer for Relief).

42. The Plaintiff also seeks recovery of punitive damages in excess of $2,500,000, which are considered in calculating the amount in controversy. (Complaint, ¶¶ 52, 56, Prayer for Relief.) *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011); *Wolk v. Green*, 516 F. Supp. 2d 1121, 1127 (N.D. Cal. 2007).

43. Thus, the amount in controversy based on the Plaintiff's pleading exceeds $75,000, exclusive of interest and costs.

**OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

44. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given by the undersigned to Plaintiff's counsel of record, Mister Wolf, P.C. and Watkins & Letofsky, LLP, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the State of California, County of San Bernadino.

45. All properly served and joined defendants have consented to removal of this action to Federal Court. (Wodnik Decl., ¶20.) Consent is not required from

IRIS, who was not properly served process in this Lawsuit. See *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011) (co-defendants not properly served need not join or consent). Although counsel for B & R has not confirmed whether his client consents to removal, Consent is not required from B & R, because as demonstrated above, Coach-Air fails to state a claim against B & R and therefore, B & R is not a properly joined party. See *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564-565 (6th Cir. 2015) (consent not required by "sham" or "fraudulent" defendants); *Farias v. Bexar County Bd of Trustees for Mental Health Mental Retardations Services*, 925 F.2d 866, 871 (5th Cir. 1991) (consent not required by fraudulently joined defendants). In addition, the fictitiously-named defendants need not consent to removal. *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980).

THEREFORE, Defendant Great Lakes hereby respectfully request that the above-captioned action, pending in the Superior Court of the State of California, County of San Bernardino, Case No. CIVSB2519329, be removed from that court to the United States District Court for the Central District of California, Eastern Division.

Dated: October 20, 2025

NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP

By:    */s/ Shannon L. Wodnik*
        Tamiko A. Dunham
        Shannon L. Wodnik
        Tianyu (Rain) Xie
    Attorneys for Defendant GREAT LAKES INSURANCE SE