JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02777-JVS-AS | Date | January 7, 2026 |
| Title | Coach-Air LLC v. Davies US, LLC et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:   [IN CHAMBERS] <u>Order Regarding Plaintiff's Motion to Remand [20] and Other Pending Motions [13, 15, 32, 33]</u>**

  Before the Court is Plaintiff Coach-Air LLC's ("Coach-Air") Motion to Remand this case to state court. (Mot., Dkt. No. 20.) Defendant Great Lakes Insurance SE ("Great Lakes") opposed. (Opp'n, Dkt. No. 26.) Defendants Davies US, LLC ("Davies") and Premier Claims Management, LLC ("Premier") joined in opposition. (Dkt. No. 31.) Coach-Air replied. (Reply, Dkt. No. 38.)

  The Court's decision regarding this Motion impacts other pending motions in this case. Specifically, remanding the case would moot the following motions: (1) Great Lakes's Motion to Dismiss (dkt. no. 13); (2) Coach-Air's Motion to Dismiss Great Lakes as a Defendant (dkt. no. 15); (3) the Motion for Summary Judgment filed by Defendants Managing General Agency, LLC ("Managing General") and Southwind Risk Retention Group, Inc. ("Southwind") (dkt. no. 32); and (4) the Motion for Sanctions filed by Managing General and Southwind (dkt. no. 33).

  For the following reasons, the Court **GRANTS** Coach-Air's Motion to Remand. Accordingly, it **DENIES as moot** the other pending motions in this case. (<u>See</u> Dkt. Nos. 13, 15, 32, 33.)

## I. BACKGROUND

  This case centers around a written insurance agreement that Coach-Air entered in January 2024. (Complaint, Dkt. No. 1-2 ¶ 19.) In December 2024, Coach-Air alleges that one of its insured vehicles "sustained damage while transporting a commercial

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02777-JVS-AS | Date | January 7, 2026 |
| Title | Coach-Air LLC v. Davies US, LLC et al | | |

load." (Id. ¶ 24.) Coach-Air submitted an insurance claim, but did not receive the indemnification it sought. (Id. ¶¶ 26, 29.) Consequently, on July 3, 2025, Coach-Air sued in state court for "insurance bad faith" and breach of contract. (See generally id.) Based on information and belief, Coach-Air alleged that the following insurance companies were potentially liable:

- Davies (id. ¶ 4)
- Premier (id. ¶ 5)
- Managing General (id. ¶ 12 )
- Southwind (id. ¶ 11)
- United National Insurance Company ("United") (id. ¶ 6)
- Innovative Risk Insurance Services, LLC ("IRIS") (id. ¶ 7)
- Global Indemnity Group, LLC ("Global Indemnity") (id. ¶ 8)
- Brown and Riding Insurance Services, Inc. ("B&R") (id. ¶ 9)
- Southwestern Insurance Services, Inc. ("Southwestern") (id. ¶ 10)

On August 12, 2025, Great Lakes contacted Coach-Air and indicated that it was the relevant issuing insurer. (Dkt. No. 20-1, Tretola Decl., Ex. 8.) As a result, Coach-Air added Great Lakes as a defendant, Doe No. 1. (Id., Ex. 5 at 3.) On October 20, 2025, Great Lakes removed this case to federal court on the basis of diversity jurisdiction. (Dkt. No. 1.) Less than one month later, on November 13, 2025, Coach-Air filed the present Motion, seeking to return this case to the San Bernardino County Superior Court. (Mot.) The Motion to Remand was not the parties' first motion, but the Court decided to address it first in the interest of judicial economy and efficiency. (See Dkt. No. 48.) All other facts relevant to this decision are described below as needed.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02777-JVS-AS | Date | January 7, 2026 |
| Title | Coach-Air LLC v. Davies US, LLC et al | | |

against removal jurisdiction." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

### III. DISCUSSION

Coach-Air contends that remand is proper because the Court lacks subject matter jurisdiction over this case. To this end, Coach-Air advances two principal arguments. First, it asserts that Defendant Global Indemnity destroys complete diversity. (Mot. at 4–5.) Second, it argues that Great Lakes did not obtain consent from all defendants before removal, specifically Defendant IRIS and Defendant B&R. (Id. at 8–9.) In addition, Coach-Air seeks monetary sanctions against Great Lakes in the form of attorneys' fees. (Id. at 9–10.) The Court concludes that remand is appropriate, but monetary sanctions are not.

    *A.  Consent of All Defendants*

For the Court to assume removal jurisdiction under section 1441, all defendants must consent to proceeding in federal court. See 28 U.S.C. § 1446(b)(2)(A). Here, Coach-Air argues that Great Lakes improperly lacked the consent of both B&R and IRIS. (Mot. at 8–9.) It is undisputed that, at the time of removal, neither B&R nor IRIS had consented to remove. (Dkt. No. 1 ¶ 45.)

    1.  B&R

Great Lakes advances two arguments with regard to B&R. First, it argues that it "obtained written confirmation of B&R's consent to removal" soon after the case was removed, which cured any defect. (Opp'n at 11.) Second, it contends that B&R is a "sham defendant" that is improperly joined in this case. (Id. at 11–12.) The Court

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02777-JVS-AS | Date | January 7, 2026 |
| Title | Coach-Air LLC v. Davies US, LLC et al | | |

agrees with the first argument: B&R's after-the-fact consent sufficed to satisfy the requirement of section 1446(b)(2)(A).

Courts in this district have held that "even if a served defendant does not properly join in the notice of removal, such a defect can be remedied if the defendant later consents to the removal." Cucci v. Edwards, 510 F. Supp. 2d 479, 484 (C.D. Cal. 2007); see also Destfino v. Reiswig, 630 F.3d 952, 956–57 (9th Cir. 2011) ("All defendants who have been properly served in the action must join a petition for removal. If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder prior to the entry of judgment." (internal punctuation and citations omitted)). Here, that is precisely what occurred. Although Great Lakes did not have B&R's consent when it filed a Notice of Removal on October 20, 2025, it obtained this consent on November 17, 2025. (See Dkt. 24-2, Wodnick Decl., Ex. A (email from B&R's counsel confirming consent to removal).) This cured any defect based on lack of consent as to B&R. Thus, B&R does not prevent this Court from assuming removal jurisdiction.

  2. IRIS

Unlike B&R, Great Lakes's contention with regard to IRIS is that IRIS was improperly served, so it is not a party required to consent to removal. (Opp'n at 10–11.) Specifically, Great Lakes argues that the service of IRIS did not comply with the permitted methods of serving an LLC under California Corporations Codes §§ 17701.16 and 17708.07. (Id.) The Court disagrees.

Great Lakes's argument that "LLCs do not qualify for the general catch-all provision in California Code of Civil Procedure . . . section 416.10 for corporations" is incorrect. (Id. at 11.) A plaintiff may serve an LLC *either* by the methods specified in the California Corporations Code *or* through methods permitted to serve corporations. See Cal. Corps. Code § 17701.16(a) ("In addition to Chapter 4 (commencing with Section 413.10) of Title 5 of Part 2 of the Code of Civil Procedure, process may be served upon limited liability companies . . . as provided in this section."). As a result, a

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02777-JVS-AS | Date | January 7, 2026 |
| Title | Coach-Air LLC v. Davies US, LLC et al | | |

plaintiff may serve an LLC by delivering a copy of the summons and complaint to any "person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10(b). Here, Coach-Air served Susan Mudd, an "Administrative Manager" at IRIS who is claimed to be a "Person Authorized to Accept [Service of Process]." (Dkt. No. 1, Ex. 14.) The Court has no evidence to believe that this sworn declaration was inaccurate. See Floveyor Int'l, Ltd. v. Superior Court, 59 Cal. App. 4th 789, 795 (1997) ("The filing of a proof of service creates a rebuttable presumption that the service was proper."). Thus, Great Lakes has not met its burden of showing that IRIS was an improperly served party who did not need to consent to removal.

At oral argument, Great Lakes contended that IRIS is a dissolved LLC from whom it would be impractical—if not impossible—to obtain consent. This argument does not change the Court's conclusion for two reasons. First, no defendant raised this argument at any point during briefing. The sole argument pertaining to IRIS was that it was improperly served. (See Opp'n at 10–11.) To the Court's knowledge, no party has filed a declaration stating, for example, that it attempted to obtain consent from IRIS but was unable to do so because IRIS did not respond. On the contrary, the Notice of Removal states only that "[c]onsent is not required from IRIS," leaving the Court with no evidence that Great Lakes even *attempted* to obtain IRIS's consent. (Dkt. No. 1 ¶ 45.) Second, even a dissolved LLC must have individuals who can make decisions on its behalf. See Cal. Corps. Code 17707.06(d)(1) (describing powers of persons authorized to wind up an LLC's affairs). The Court is aware of no reason that Great Lakes could not have contacted such an authorized person here. In short, the dissolution of IRIS does not excuse Great Lakes from obtaining its consent in this case.

       3.     Conclusion

Great Lakes was required to obtain the consent of IRIS in order to remove, but it did not do so. Accordingly, the Court must remand on this ground alone.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02777-JVS-AS | Date | January 7, 2026 |
| Title | Coach-Air LLC v. Davies US, LLC et al | | |

  B.  *Complete Diversity and Sham Defendant Theory*

  The Court must remand if there is not complete diversity between the parties. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Coach-Air is a citizen of California. (Dkt. No. 1 ¶ 21.) As an LLC with members who are citizens of California, Defendant Global Indemnity is also a citizen of California. (Mot., Tretola Decl. ¶ 2; id., Ex. 1); see Johnson v. Columbia Props., Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ([A]n LLC is a citizen of every state of which its owners/members are citizens."). Assuming Global Indemnity is a proper defendant, this destroys complete diversity and eliminates federal jurisdiction.

  Great Lakes does not contest this point. Instead, it argues that Global Indemnity is a "fraudulently joined defendant[]" whose citizenship "must be disregarded for purposes of removal." (Opp'n at 3.) "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011) (citing Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1419 (9th Cir. 1989)). In Coach-Air's view, Global Indemnity is a defendant in this action because it "is alleged as the alter-ego/parent in the underwriting chain tied to United." (Mot. at 7; Compl. ¶ 8.) Great Lakes responds that Global Indemnity is a sham defendant because it "has no participation in the insurance operations of United[.]" (Opp'n at 8.) Specifically, Global Indemnity's Senior Vice President has filed a declaration indicating that it (1) "has no involvement in the underwriting, quoting, binding or other activities connected to the issuance of insurance policies[,]" (2) "did not issue any policy to Plaintiff Coach-Air LLC[,]" (3) "does not handle insurance claims," (4) "had no involvement in [Coach-Air's] insurance claim[,]" (5) "has not entered into an agreement with any person or entity to perform claims handling[,]" and (6) "has no participation in the insurance operations of United National." (Opp'n, DeRose Decl. ¶¶ 3–11.) Nonetheless, the Court agrees with Coach-Air.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02777-JVS-AS | Date | January 7, 2026 |
| Title | Coach-Air LLC v. Davies US, LLC et al | | |

To establish that Global Indemnity is a sham defendant, Great Lakes "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nasrawi, 776 F. Supp. 2d at 1170. "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure the purported deficiency.'" Id. (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)). Great Lakes does not meet this threshold. Even if Coach-Air's Complaint fails to state a claim against Global Indemnity—a matter the Court does not decide here—there is no indication that amendment would be futile. Indeed, Coach-Air could plausibly allege facts that describe intermingling of finances, failure to follow corporate formalities, or fraud on the part of Global Indemnity and United. To the extent that the DeRose declaration constitutes evidence that Global Indemnity is *not* an alter ego of United, the evidence is not so decisive as to be unrebuttable with new allegations.[1]

In short, Great Lakes has failed to convince the Court that Global Indemnity is a sham defendant. Consequently, because Global Indemnity is not completely diverse from Coach-Air, the Court must remand.

C.  *Coach-Air's Request for Sanctions*

In addition to its motion to remand, Coach-Air requests nearly $20,000 in sanctions against Great Lakes and its counsel for "frivolous" removal and "conduct [that]

---

[1] At oral argument, Great Lakes and Global Indemnity both reasserted their positions that Coach-Air's Complaint does not properly allege unity of interest and inequity, which are required to state a claim under alter ego theory. See Salkin v. United Servs. Auto. Ass'n, 767 F. Supp. 2d 1062, 1066 (C.D. Cal. 2011). Defendants are not wrong: the Court does *not* hold today that Coach-Air states a claim against Global Indemnity. However, Great Lakes has a higher burden than simply showing that Coach-Air fails to state a claim in the current Complaint. It must also show that, "[u]nder California law, there is no possibility given the evidence presented" that Coach-Air can state a claim against Global Indemnity. Id. at 1069. For the reasons described above, the Court is not convinced that the DeRose declaration alone renders it entirely impossible that Coach-Air could amend its Complaint and state a claim under alter ego theory.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02777-JVS-AS | Date | January 7, 2026 |
| Title | Coach-Air LLC v. Davies US, LLC et al | | |

is clearly in bad faith and intentionally aimed at delaying the progress" of this case. (Mot. at 9–10.) Coach-Air's basis for this request is 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The Court finds that Great Lakes's attempt at removal was not frivolous. In addition, although the relationship between the parties has been contentious, the Court sees no conduct that warrants sanctions. Accordingly, Coach-Air's request for sanctions is denied.

    D.    *Other Pending Motions*

Based on the foregoing, Great Lakes's Motion to Dismiss (dkt. no. 13); Coach-Air's Motion to Dismiss Great Lakes as a Defendant (dkt. no. 15); Managing General's and Southwind's Motion for Summary Judgment (dkt. no. 32); and Managing General's and Southwind's Motion for Sanctions (dkt. no. 33) are moot. Accordingly, these motions are **DENIED.**

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

    **IT IS SO ORDERED.**